UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**

| Case No. | 2:26-cv-01689-MCS-MAR | Date | February 19, 2026 |
|---|---|---|---|
| Title | *Varsobia Home Care Servs., LLC v. Com. Borrowing Fund, LLC* | | |

| Present: The Honorable | Mark C. Scarsi, United States District Judge |
|---|---|

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** **(IN CHAMBERS) ORDER TO SHOW CAUSE RE: SUBJECT-MATTER JURISDICTION AND VENUE**

Plaintiff Varsobia Home Care Services, LLC, brings this action against Defendants Commercial Borrowing Fund, LLC, and Sables LLC for wrongful foreclosure. (Compl., ECF No. 1.) Several threshold issues require development.

First, Plaintiff failed to file a civil cover sheet and a notice of interested parties. C.D. Cal. Rs. 3-1, 7.1-1. Plaintiff shall file both documents by Friday, February 20. Failure to comply with this Order will result in sanctions. C.D. Cal. R. 83-7.

Second, Plaintiff's pleading is insufficient for the Court to conclude that it has subject-matter jurisdiction over this action. *See Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012) (obliging courts to examine subject-matter jurisdiction issues sua sponte). Plaintiff asserts that the Court has diversity jurisdiction, (Compl. ¶ 7), and also appears to invoke federal-question jurisdiction, (*id.* ¶ 10). To the extent Plaintiff intends to invoke federal-question jurisdiction, no federal question appears on the face of Plaintiff's complaint, so 28 U.S.C. § 1331 cannot be a basis for the Court's subject-matter jurisdiction. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

Regarding diversity jurisdiction under 28 U.S.C. § 1332(a), Plaintiff offers insufficient information about its and Defendants' citizenships. Plaintiff asserts that it resides in this district, (Compl. ¶ 1), and that Defendants are registered in and do business in Nevada, (*id.* ¶¶ 2–3). As a result, Plaintiff alleges that there is complete diversity of citizenship between the parties. (*Id.* ¶ 7.) However, the Court understands that Plaintiff and Defendants are limited liability companies based on their names and on information from the California, Nevada, and Wyoming Secretary of States' websites, of which the Court takes judicial notice. Fed. R. Evid. 201(b); *see, e.g.*, *San Diego Unified Port v. Underwriters at Lloyd's London*, No. 15-cv-00022-WQH-JLB, 2015 U.S. Dist. LEXIS 115693, at *10 (S.D. Cal. Aug. 28, 2015) (taking judicial notice of documents on record with the California Secretary of State as "matters of public record" (quoting *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001))).[1] Limited liability companies are citizens of "every state of which its owners/members are citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Plaintiff's complaint does not provide any information about the citizenship of its or Defendants' members. For the Court to assess whether the parties are diverse, Plaintiff must disclose the citizenship of all its members and must allege Defendants' citizenship.

Third, the Court questions whether venue is proper in this district. A district court has authority to decide sua sponte the issue of venue and to dismiss or transfer an action to a proper venue before a responsive pleading is filed. *See Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986). "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

"A civil action may be brought in—(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; [or] (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391(b).

The complaint alleges that venue is proper in the Central District of California because the property that is the subject of the suit is located in this district and

---

[1] The Court was unable to find a "Commercial Borrowing Fund" limited liability company on the Nevada Secretary of State's website but found in its independent research a limited liability company by that name organized in Wyoming.

"events or events [sic] out of which this action arises and which form the basis for this action arise in this district." (Compl. ¶ 9.) However, the complaint alleges that the subject property is located in Las Vegas, Nevada. (*Id.* ¶ 12.) Moreover, aside from generic allegations that "Defendants caused an event or events to occur in California, and more particularly in the County of Los Angeles," and that Defendants "regularly conduct business within this judicial district within California," (*id.* ¶¶ 7–8), Plaintiff alleges no events giving rise to the wrongful foreclosure claim that occurred in the Central District of California. As pleaded, venue does not appear to lie in this district under § 1391(b)(2).

In addition, Plaintiff appears to take the position that Defendants do not reside in this state given its invocation of the Court's diversity jurisdiction. (Compl. ¶¶ 1–3, 7.) Therefore, venue also likely does not lie in this district under § 1391(b)(1).

Accordingly, the Court orders Plaintiff to show cause why the case should not be dismissed without prejudice for lack of subject-matter jurisdiction or improper venue, and why the case should not be transferred to a district court where venue is proper. Plaintiff shall file within 14 days one or both of the following: (1) an amended complaint stating additional facts supporting its position on jurisdiction and venue and (2) a written response conceding the Court lacks jurisdiction or venue or arguing why the Court has jurisdiction and venue. Failure to timely and satisfactorily respond will result in dismissal of this case without further warning.

As an additional note, the Court observes that the complaint's prayer for relief includes a request that the Court issue "a temporary restraining order, preliminary injunction and permanent injunction prohibiting Defendants from engaging in unlawful and deceptive acts and practices of foreclosing on property of California homeowners." (Compl., Prayer for Relief ¶ 2.) To the extent Plaintiff's complaint is intended to serve as a request for a temporary restraining order, the request is denied. Plaintiff provides no argument toward the factors relevant to a motion for preliminary injunctive relief, *see Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008), does not comply with the procedural requirements of Federal Rule of Civil Procedure 65, *see, e.g.*, Fed. R. Civ. P. 65(b)(1)(A)–(B) (requiring "specific facts in an affidavit or a verified complaint" showing irreparable harm "will result to the movant before the adverse party can be heard in opposition," and a certification of counsel regarding "any efforts made to give notice and the reasons why it should not be required"), and does not offer a proposed order describing the emergency relief Plaintiff requests, *see* C.D. Cal. Rs. 7-20, 65-1.

Finally, based on its review of the record, the Court suspects that Plaintiff prepared the complaint with the assistance of a generative artificial intelligence service, such as ChatGPT ("Generative AI"). (*E.g.*, Compl. ¶ 12 ("Defendant's actions were further tainted by fraud, oppression, or unfairness, as evidenced by [describe specific irregularities, e.g., failure to provide required documentation, improper notice, or other procedural deficiencies].").) Any party to this proceeding that uses Generative AI in connection with filings in this matter must attach to the subject filing a separate declaration disclosing the use of Generative AI and certifying that the filer, in the exercise of the filer's independent legal judgment, has reviewed and verified the content of the filing as accurate and in compliance with Federal Rule of Civil Procedure 11. The declaration must identify which, if any, portion of the filing incorporates Generative AI outputs. The Court warns that a party who presents to the Court a pleading, written motion, or other paper incorporating inaccurate or undeclared Generative AI outputs may be subject to sanctions without further warning.

**IT IS SO ORDERED.**